UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLYN STIMMEL, individually, and on behalf of other similarly situated consumers, | )<br>)<br>) Civil Action No. _____ |
| Plaintiff, | ) |
| v. | ) (Removal from the Supreme Court of<br>) the State of New York, Rockland County) |
| EQUIFAX INFORMATION SERVICES LLC;<br>NEW YORK COMMUNITY BANK, | )<br>)<br>) |
| Defendants. | ) |

# NOTICE OF REMOVAL

Defendant Equifax Information Services LLC ("Equifax"), by and through its undersigned counsel, hereby files this Notice of Removal of this action from the Supreme Court of the State of New York, Rockland County, wherein it is now pending as Index No. 030771/2023, to the United States District Court for the Southern District of New York. This Notice of Removal is filed pursuant to 28 U.S.C. § 1331. In support hereof, Equifax shows this Court as follows:

1. An action was filed on February 15, 2023 in the Supreme Court of the State of New York, Rockland County, entitled *Stimmel v. Equifax Information Services LLC*, Index No. 030771/2023 (the "State Court Action").

2. Equifax executed a Waiver of the Service of Summons on April 4, 2024.

3. This Notice is being filed with this Court within thirty (30) days after Equifax waived service of Plaintiff's initial pleading.

4. As of the filing of this Notice, to the best of Equifax's knowledge, Defendant New York Community Bank has not been properly served as required under 28 U.S.C.

§ 1446(b)(2)(A). Therefore, Equifax was not required to secure its consent to removal. There is no indication from the docket in the State Court Action that New York Community Bank was served or waived service, and counsel for New York Community Bank has not otherwise appeared in the State Court Action. Equifax and its counsel have taken other reasonable measures to attempt to coordinate with New York Community Bank, including contacting in-house counsel for New York Community Bank directly and reaching out to Plaintiff's counsel to confirm New York Community Bank's service status.

5. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States; specifically, 15 U.S.C. § 1681 *et seq.*, otherwise known as the Fair Credit Reporting Act ("FCRA"), as follows:

    a) Plaintiff's Complaint, on its face, alleges a violation of the FCRA. *See, e.g.*, Compl. ¶ 1 ("This is an action for damages arising from Defendants['] violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter 'FCRA').").

    b) The FCRA, pursuant to 15 U.S.C. § 1681p, provides that any action alleging a violation of its provisions "may be brought in any appropriate United States district court, without regard to the amount in controversy[.]"

6. Because this Court has original jurisdiction over Plaintiff's FCRA claims in this case, it also has supplemental jurisdiction over Plaintiff's claim under New York General Business Law § 380, because this claim is "so related" to Plaintiff's FCRA claims that it "form[s] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

7.	Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of "all process, pleadings, and orders" on file in the State Court Action are attached hereto as **Exhibit A**.

8.	Pursuant to 28 U.S.C. § 1446(d), a Notice to State Court of Removal is being filed with the Supreme Court of the State of New York, Rockland County, a copy of which is attached and marked as **Exhibit B**, and Equifax will give written notice to Plaintiff that this action has been removed to this Court.

9.	As of the date of this removal, Equifax has not filed a responsive pleading to the Complaint. Equifax reserves all rights to assert any and all defenses or otherwise respond to the Complaint. Equifax further reserves the right to amend or supplement this Notice of Removal. By filing this Notice of Removal, Equifax does not waive any defense that may be available to it and reserves all such defenses, including but not limited to lack of personal jurisdiction.

WHEREFORE, Equifax hereby gives notice that the matter entitled *Stimmel v. Equifax Information Services LLC*, pending in the Supreme Court of the State of New York, Rockland County, is removed to the United States District Court for the Southern District of New York, and requests that the Court retain jurisdiction for all further proceedings in the matter.

Dated: May 6, 2024.

KING & SPALDING LLP

*/s/ Mateo J. de la Torre*
Mateo J. de la Torre
1185 Avenue of the Americas
New York, NY 10036-2601
Phone:  212-556-2100
Fax:  212-556-2222
mdelatorre@kslaw.com

Zachary A. McEntyre
Carley H. Thompson
1180 Peachtree Street
Atlanta, Georgia 30309

Phone: (404) 572-4600
Fax: (404) 572-5100
zmcentyre@kslaw.com
chtompson@kslaw.com

*Counsel for Defendant Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the ECF system and via U.S. mail and/or email to the following:

Daniel Zemel
ZEMEL LAW, LLC
400 Sylvan Ave., Suite 200
Englewood Cliffs, NJ 07632
dz@zemellaw.com

John Schriner
New York Community Bank
john.schriner@mynycb.com

This 6th day of May, 2024.

*/s/ Mateo J. de la Torre*
Mateo J. de la Torre